UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL KALLENBACH,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C17-5127-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Michael Kallenbach proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1968.[1] He has a GED and an associate's degree in auto and

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

diesel mechanics, and previously worked as an auto mechanic. (AR 38-39, 201.)

Plaintiff protectively applied for DIB in November 2013. (AR 168-71.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 101-07, 109-15.)

On May 21, 2015, ALJ James Sherry held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 33-78.) On July 24, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 11-24.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on January 31, 2017 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since April 1, 2012, the alleged onset date. (AR 13.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's cervical spine degenerative disc disease (DDD), status post fusion surgeries; lumbar spine DDD, status post laminectomy surgeries; diabetes mellitus; right shoulder arthropathy; digestive disorder; and adjustment disorder with symptoms of depression and anxiety. (AR 13.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 13-16.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a reduced range of light work, with the following additional limitations: he can lift/carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk for six hours and sit for six hours in an eight-hour workday. He needs to change positions between sitting and standing for brief periods every 60 minutes. He can occasionally balance, stoop, crouch, kneel, crawl, and climb ramps and stairs. He cannot climb ladders, ropes, and scaffolds. He can occasionally reach overhead with the upper extremities. He must avoid concentrated exposure to excessive vibration and hazards in the workplace, such as moving machinery and unprotected heights. He can understand and remember simple job instructions, and perform simple, routine, repetitive tasks. He can tolerate simple decision-making and simple changes in the work setting. He can maintain attention and concentration for two-hour intervals, without more than the normally expected brief interruptions. He cannot tolerate fast-paced production requirements. He can have superficial interaction with supervisors, co-workers, and the public. He works best alone or in a small group environment. (AR 17.) With that assessment, the ALJ found Plaintiff unable to perform his past relevant work. (AR 22-23.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, including cleaner/polisher; inspector, hand packager; and cleaner, housekeeping. (AR 23-24.)

This Court's review of the ALJ's decision is limited to whether the decision is in

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding that he does not meet Listing 1.04(a); (2) discounting his subjective statements regarding his lumbar impairment; and (2) discounting a statement written by Plaintiff's girlfriend, Heidi Frost. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Listing 1.04(a)

The ALJ found that Plaintiff did not meet or equal Listing 1.04(a) because he did not satisfy the requirements of the listing for the requisite 12 months:

> Though the claimant has a spine impairment, the record does not contain evidence showing compromise of a nerve root or the spinal cord, neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by a sensory or reflex loss, or positive straight-leg raising test (sitting and supine), for a period of 12 continuous months. Therefore, the evidence does not show that the claimant's spine condition meets or medically equals the criteria of listing 1.04.

(AR 14.)

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan*

*v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted).

Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'" *Id*. at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530 (emphasis in original).

Plaintiff argues that the ALJ's finding that he does not meet Listing 1.04(a) is insufficiently specific, because the ALJ was required "to explain how he came to the conclusion that the evidence before him failed to satisfy the requirements of Listing 1.04(a)[.]" Dkt. 11 at 4 (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) ("[I]n determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments.")).

*Marcia* does not support the proposition for which Plaintiff cites it, as even the parenthetical quote included in Plaintiff's brief makes clear: *Marcia* stands for the proposition that when a claimant puts forward evidence in an effort to establish that he or she *equals* a listing, the ALJ must explain why the evidence offered does or does not establish equivalence. 900 F.2d 176. *Marcia* does not impose an explanation requirement on the ALJ regarding whether a claimant *meets* a listing. Plaintiff has cited no authority requiring an ALJ to specifically explain why various pieces of evidence do not satisfy the requirements of a listing, and the Court is aware of no such authority. The ALJ's decision indicated that he considered the requirements of Listing 1.04, and found that Plaintiff did not meet or equal that listing for the requisite 12 months, and Plaintiff has not shown that more was required.

Moreover, Plaintiff has not shown that he does meet Listing 1.04(a) for the requisite 12 months, which is fatal to his claim of harmful step-three error. As noted by the Commissioner, many of the findings cited by Plaintiff as evidence that supports his step-three argument do not show that his symptoms lasted 12 months. Dkt. 12 at 4-5. In reply, Plaintiff argues that because the ALJ did not specifically find that he did not meet Listing 1.04(a) for 12 months, the Commissioner's argument is a post hoc rationalization. Dkt. 13 at 2. Plaintiff is mistaken for two reasons. First, the ALJ did in fact find that Plaintiff did not meet the listing requirements for 12 months. (AR 14.) Second, in order to show a harmful step-three error, Plaintiff must show that he indeed satisfies Listing 1.04(a). *See, e.g.*, *Eli v. Colvin*, 2016 WL 5719690 (C.D. Cal. Sep. 29, 2016). Thus, the Commissioner does not offer a post hoc rationalization in contending that Plaintiff may have identified places in the record that mention the symptoms described in Listing 1.04(a), but has not shown that they persisted for the requisite 12 months. Accordingly, Plaintiff has not shown that the ALJ's purportedly erroneous lack of specificity in his step-three findings prejudiced him, because he has not shown that the record establishes that he met Listing 1.04(a).

<u>Plaintiff's subjective statements</u>

The ALJ discounted Plaintiff's subjective testimony for a number of reasons: (1) the medical evidence showed that Plaintiff had some limitations due to his physical impairments, but not that those limitations were disabling, and there is no medical opinion indicating that Plaintiff could not perform a full-time work schedule; (2) Plaintiff inconsistently treated his diabetes; and (3) Plaintiff sought no treatment for his mental health conditions. (AR 19-20.) Plaintiff argues that the ALJ's first reason does not constitute a clear and convincing reason why the ALJ discounted Plaintiff's complaints of limitations caused by his lumbar impairments. Dkt. 11 at 4-7.

As an initial matter, the Court notes that Plaintiff does not challenge all of the reasons given by the ALJ for discounting Plaintiff's subjective testimony. The remaining unchallenged reasons support the ALJ's findings regarding Plaintiff's testimony, thus rendering any potential error in the challenged reason harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

The Court also finds that even Plaintiff's limited challenge fails to establish error. The ALJ explicitly found that Plaintiff's lumbar condition had improved by the end of 2014 such that his doctor found that surgery was not necessary. (AR 19.) Plaintiff argues that "[w]hile the objective evidence may have suggested improvement in Plaintiff's impairments, other evidence in the record documents that Plaintiff continued to experience symptoms that would prevent him from sustaining basic work activities at even a sedentary level." Dkt. 13 at 3. Plaintiff cites no portion of the record to support this argument, and it is not clear how evidence other than the objective evidence cited by the ALJ could show that the ALJ erred in finding that the objective evidence was inconsistent with Plaintiff's allegations. Accordingly, the Court finds that Plaintiff has not identified an error in the ALJ's assessment of Plaintiff's testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

<u>Lay statement</u>

Ms. Frost completed a third-party function report in January 2014. (AR 229-36.) She indicated that *inter alia* Plaintiff has a limited ability to stand, walk, and sit. (AR 234.)

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability

to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (finding rejection of testimony of family members because, *inter alia*, they were "'understandably advocates, and biased'" amounted to "wholesale dismissal of the testimony of all the witnesses as a group and therefore [did] not qualify as a reason germane to each individual who testified" (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)).

The ALJ summarized Ms. Frost's statement and gave it little weight because it was inconsistent with the treating and examining source opinions, because those sources "do not agree that the claimant has a limited ability to sit or stand." (AR 20.) Plaintiff argues that this reasoning is not germane because no medical source was asked to explicitly comment on the impact of Plaintiff's *lumbar impairment* on his ability to sit or stand. Dkt. 13 at 4. But Ms. Frost did not explicitly attribute Plaintiff's sitting and standing limitations to his lumbar impairment, and thus Plaintiff merely speculates as to the foundation of her statement. This is not adequate to show that the medical opinions of record are not actually inconsistent with her statement; even Plaintiff seems to agree that Ms. Frost's statement was inconsistent with the record. *See* Dkt. 11 at 8 ("The ALJ's reasoning here was valid when taken by itself. Indeed, no medical source offered an assessment finding Plaintiff as significantly limited in his ability to sit and stand as Ms. Frost observed."). Accordingly, the Court finds that the ALJ's reason to discount Ms. Frost's statement is germane, because the medical opinion evidence is inconsistent with Ms. Frost's statement. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").

/ / /

# **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 11th day of August, 2017.

Mary Alice Theiler
United States Magistrate Judge